This case on this morning's docket is the case of People v. Jordan, and we have Mr. Evers for the appellate, Ms. McCormick for the appellee, and Mr. Evers. You may begin. Good afternoon, Your Honors. This is People v. Jordan. It's a post-conviction case under the Post-Conviction Hearing Act. It was dismissed at the second stage of the post-conviction hearing. We have three issues in the brief, and I'd like to address arguments one and two in the brief, and won't touch on argument three unless there's some question by the court. Argument one is whether the post-conviction counsel failed to comply with Rule 651C and did not provide the reasonable level of assistance required by Rule 651C and the Post-Conviction Hearing Act. We argue that the post-conviction counsel did not and ask that this court remand for further proceedings. Argument two is whether the circuit court erred in not allowing post-conviction counsel to amend the petition when it became clear that he had not amended it sufficiently. The circuit court did not allow counsel to amend the petition, and we urge Your Honors to find that that was error, that the circuit court should have allowed post-conviction counsel to file an amendment and properly present Mr. Jordan's claims in his petition. The guilty – this case was guilty plea to two counts of aggravated battery with a firearm. Mr. Jordan filed a post-conviction which attacked only one of the counts of the guilty plea. It was a negotiated guilty plea, and consequently, he would have to attack both of the guilty pleas as one. Post-conviction counsel should have realized that but only became really aware of the need to properly amend the post-conviction petition during the hearing at which the circuit court dismissed Mr. Jordan's petition. He asked the circuit court, let me amend this petition because it has to include both guilty pleas. It's all one negotiated guilty plea, and if not, then this is just going to be dismissed and not properly dismissed because it's not fully presented here. This presented to the circuit court the problem that Rule 651C requires counsel to properly amend the petition. This clearly shows that post-conviction counsel did not. Post-conviction is basically a civil case, although it's attacking a criminal conviction. In civil law cases, amendments are allowed to be filed until judgment and to be liberally allowed, and refusing to allow counsel to amend the petition, the circuit court erred. This also calls into question the Rule 651C certificate filed by post-conviction counsel because it clearly shows that while he said he performed his duties under Rule 651C, he did not. In Argument 1, we also clearly try to point out that counsel did not follow his duties under Rule 651C by presenting notarized affidavits, one of which he was supposed to get from his client. Presumably, he could sit down and talk with his client and get the affidavit and have it notarized, but failed to do so, and one from another potential witness that Mr. Jordan wanted to have be able to present to demonstrate that he had an alibi, and therefore, he was actually innocent and the guilty plea should be vacated. Post-conviction counsel did not obtain a notarized affidavit from this witness. All he did was get a copy of a notarized statement that Mr. Jordan stated that he had given to guilty plea counsel. Post-conviction counsel did not go to guilty plea counsel and get that notarized statement, nor did he go and interview this witness, Mason, to learn what he was going to be able to testify to. In our brief, we cite two Illinois Supreme Court cases which are on point about why this is wrong. One is People v. Turner, and it states in there by the Illinois Supreme Court that post-conviction counsel is required to obtain the notarized statements or explain their absence. Post-conviction counsel did neither of these. And People v. Johnson also cited in our brief the Illinois Supreme Court in talking about getting these notarized statements, these types of notarized statements, that there is a duty upon counsel to contact the witnesses to learn what they could testify to. Again, post-conviction counsel did not. Now, the State will come up here and argue that it really doesn't matter because there were wrong dates on the copies of the affidavits that were put into the record and that it does not show that there was any kind of alibi. Except those dates could be wrong, and post-conviction counsel has duty to interview the witnesses, find out what the testimony is going to be, and see whether those dates are correct ones or were mistakes at the time. And then provide the amendments to the post-conviction in order to properly present Mr. Jordan's claims. Again, post-conviction counsel did not do that. Consequently, we urge your honors to find that Rule 651C was not followed and that the reasonable level of assistance required of post-conviction counsel was not met in reverse and remand for further proceedings. If you have no questions. Thank you, Mr. Evans. You'll have the opportunity to rebut. Ms. McCormick. Your honors, counsel. This is a dismissal at the second stage. Your standard of review is de novo. And de novo review supports an order of dismissal. Post-conviction counsel is not measured by the Strickland standard. It's only measured by a reasonable level of assistance. And what counsel is required to do is set out in Rule 651C is to consult with the petitioner either by mail or in person to ascertain his deprivations of constitutional right and examine the records of proceedings of the trial, make any amendments necessary to approach a petition for an adequate presentation of the petitioner's contentions. In the present case, the first issue that the defendant raises is that counsel did not amend the petition to raise improper 605 admonishments at the guilty plea. This was a fully negotiated guilty plea. It was a consolidation of two cases, 05-CF-1678, in which the defendant pled guilty to aggravated battery with a weapon, with a gun of Mr. McGarry, and 08-90, in which he pled guilty to aggravated battery with a gun by shooting a Mr. Murray. In the present case, post-conviction counsel was required to amend the petition to fully present the defendant's constitutional claims. Nowhere in the pro se petition is there anything that raises anything about 605 admonishments. Therefore, counsel was not required to scour the record and bring up an issue that isn't fairly implicated in the pro se petition, and it simply was not there. Pendleton, cited in People's Brief, discusses that. He's only required to investigate and properly present the petitioner's claims that appear in his pro se petition. But even if counsel had noticed or had looked at the admonishment, the 605 admonishment at the guilty plea, there would have been substantial compliance with that rule. The record shows that the defendant was admonished that, let me inform you if you wish to appeal the sentence of this court, you must do so within 30 days of today's date. You must first file a written motion to withdraw your please of guilty. And is there sufficient, substantial compliance? There is no error that post-conviction counsel could have raised, even if it was fairly implied in the petition, which it was not. Then, moving on to the issue of whether counsel was less than reasonable because he failed to have two affidavits notarized. Let's start with the third one that is notarized. That was the petition of, I mean, the affidavit of Mr. McGarry, which was the 1678 guilty plea. In that, McGarry says, I don't know who shot me, but it wasn't the defendant, basically. This merely contradicts what the record has to say. The defendant confessed and admitted to shooting McGarry. And he stipulated to this confession and this admission at the guilty plea. So, McGarry's affidavit is merely something that contradicts the record. Then, moving on to the two affidavits, the affidavit of the defendant and the affidavit of Mason that counsel did not have notarized. It would make no difference whether he had this notarized or not because, as people point out, the crime took place on the 18th and the defendant's affidavit, or statement, says that he was with Daryl Mason on the night of October 15th. The crime took place on the 18th. There's no alibi here. Mason says that he was with the defendant on October 16th until 1 a.m. on the 17th. This provides no alibi for the 18th, which was the time that McGarry was shot by the defendant. So, post-conviction counsel caused no prejudice to the defendant because he didn't have these two statements notarized. Because even if they were notarized, they wouldn't have set out a substantial deprivation of the constitutional right because it doesn't provide any alibi. In the Petition, the Pro Se Petition, the defendant's statement in addition, he complained that he was coerced into pleading guilty in 1617. And this is also contradicted by the record because in it, the court, during the admonishment, specifically asked the defendant, is anyone threatening you or forcing you to make these pleas? So even if counsel had defendant's statement notarized, and even if it was considered by the court, it still would have just merely contradicted the record because at the time of the plea, he indicated no one was making any threats. So, for an affidavit even that's notarized that merely contradicts the record does not entitle a defendant to relief and the court would have been proper to dismiss the post-conviction petition because even if notarized, these affidavits would have either been irrelevant because they didn't concern an actual alibi defense or were contradicted by the record. And that the defendant says on the record that he was not threatened and says on the record, stipulates on the record to his confession to shooting McGarry. Now, as to amending the court's refusal to permit the defendant to, a post-conviction counsel to amend the petition to include the 0890 charge, the guilty plea to aggravate a battery of Murray. First of all, the people know that the defendant doesn't make any, doesn't even cite the standard for amendment, not even the rule in his brief and doesn't make any argument about what could have been added that would have entitled him to move forward to a third stage hearing on issues pertaining to 90, the aggravated battery of Murray. So, I mean, there's just nothing there other than the bare claim that he should have been permitted to add 08CF90 to the petition and that's not enough because the guilty plea was fully negotiated and both 1678 and 90 go hand in hand. If the defendant had gotten any relief or merited any relief or even an evidentiary hearing on 1678, 90 would have fallen with it. So, the failure to technically include 90 in the pleading, it has no effect and the court noted that in its order, it said basically that if the defendant had merited a third stage hearing, an evidentiary hearing, and if there had been any relief that he got on 1678, the whole plea would have fallen. So, the bare fact that 90 was not on the petition, it's a fact of no consequence. So, the court committed no abuse of discretion in failing to permit counsel to amend it simply to add 90 to the caption. And unless there are any questions, I'll ask you to do it from the court's office. I don't think so. Thank you. Mr. Eppers, do you have any rebuttal? Yes, Your Honor. It really has to be noted that arguments 1 and 2 are really interrelated in how 651C is to be interpreted and how counsel is to perform this function. I mean, he comes out on the record saying, I have not done my job at the hearing at which the petition is dismissed because I haven't properly admitted the petition. And so, his 651C certificate that was filed is really called into error and that can be found to be error. On the other side, he's not doing his job because he's not getting the affidavits. He's presenting these things as things to be believed by the circuit court, as things to be taken as true by the circuit court, but he's not doing his job because he's not getting them notarized, which is enough for the circuit court to dismiss the petition simply because he doesn't do his job to get the statements notarized. Rule 651C cannot be a harmless error. The State here would like Your Honors to say, this is just harmless error. You might as well just throw out your hands and not do anything because nothing can be done in the court below any further. And that's not true. Again, if post-conviction counsel does his job and interviews Mason and really talks with his client about the dates, those things might be resolved, can be resolved, and that to provide the alibi and that I just don't know what we'll be able to say in terms of how those dates got down on the original affidavits to begin with. But close questioning about those dates is a very important part. And in the harmless error, we cite to an Illinois Supreme Court case of Suarez, which again says that the structural problem of 651C and that you don't do your job to begin with cannot be harmless error. And finally, I'd like to touch upon the idea that the court really was concerned about the idea that the defendant, Mr. Jordan, was playing some kind of game with the court and trying to get out one of the guilty pleas and keep another. And that really is not true because Mr. Jordan was never really focused upon that both guilty pleas would have to be vacated. Only his attorney should have been aware of that and should have thought about that and should have amended the petition to begin with and not wait until the post-conviction hearing at which the petition was dismissed because he did not properly fashion the post-conviction for Mr. Jordan. Consequently, we urge your honors to reverse and remand for further proceedings where counsel can properly amend the petition and file a proper Rule 651C certificate. Thank you, Your Honor. Thank you, Mr. Evers, Ms. McCormick. And we'll take the matter under advisement. That concludes oral arguments for today. We stand in recess. All rise.